IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 20-60018-JWB

MARTIN BERBEY CASTILLO-CRUZ,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for early termination of probation. (Doc. 3.) The government opposes the motion. (Doc. 4.) For the reasons indicated herein, the motion is DENIED.

**I. Background and Standard**

Defendant was charged with and pled guilty to aiding and abetting the importation or exportation of a stolen motor vehicle in violation of 18 U.S.C. §§ 553(a) and 2 in the Western District of Texas. (Docs. 1-2, 3 at 2.) This matter was transferred to this court on April 24, 2020. (Doc. 1.)

According to the presentence report, Hertz Rental Car Company reported that a 2018 Chevrolet Tahoe, valued at $41,101.00, had been rented in Wichita, Kansas by Kenneth Boone. (*See United States v. Castillo-Cruz*, Case No. 18-677-2, Doc. 76 at 4 (W.D. Tex.)) The Tahoe was not returned and they were unable to contact Boone. Hertz reported the Tahoe stolen. Approximately two weeks later, on August 12, 2018, Alexis Comacho attempted to enter Mexico in the Tahoe at the Presidio, Texas entry point. She was denied entry after being unable to produce a rental agreement. During her interview, she stated that Defendant rented the Tahoe but that she

was not aware that it was stolen. (*Id.* at 5.) On that same date, Defendant attempted to enter the United States. He was detained and admitted that he had driven the Tahoe for a portion of the trip from Wichita, Kansas. Investigators later learned that the Tahoe, and six additional vehicles, had been fraudulently rented by an account under Crister Construction and they obtained search warrants for Defendant's and Comacho's cell phones. After reviewing the evidence from the cell phones, investigators found conversations between Defendant and Comacho regarding the stolen Tahoe. They further found conversations between Defendant and a Sergio Primo about the sale of the stolen Tahoe. (*Id.* at 6.)

Defendant's guideline sentence range was 10-16 months. (*Id.* at 12.) On August 6, 2019, Defendant was sentenced to 5-years' probation. (Doc. 1-2.) Defendant has served approximately 32 months of his probation and now moves for early termination of his probation term.

The court may terminate a term of probation at any time after the expiration of one year of probation "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c). Courts are also required by § 3564(c) to consider the factors set forth in § 3553(a) to the extent they are applicable, such as: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; adequate deterrence; protection of the public; the need for effective education, training, care or treatment; the sentencing guideline factors and range in effect at the time of sentencing and any subsequent amendments; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution. Whether to grant a motion to terminate a term of probation is a matter of sentencing court discretion. *United States v. Hartley,* 34 F.4th 919, 928 (10th Cir. 2022).

## II. Analysis

After considering the relevant factors, the court concludes the motion for early termination of probation should be denied. Defendant has performed well on probation by complying with requests of the probation officer, paying the fines imposed, and maintaining stable residence and employment. However, the court must also consider other sentencing factors. Defendant was involved in exporting a stolen motor vehicle to Mexico and attempting to sell the same. Defendant's sentencing range included a term of incarceration; however, the court sentenced Defendant to a 5-year term of probation.

The sentencing factors, which supported the sentence Defendant received, and the interest of justice do not support termination of probation in this case. The court finds continued probation is necessary here to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.

## IV. Conclusion

Defendant's Motion for Early Termination of Probation (Doc. 3) is DENIED.

IT IS SO ORDERED this 19th day of July 2022.

    ___s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE